

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 18, 1947

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas                    Opinion No. V-32

> Re:  Reduction of school bond
>      tax, effect of on eli-
>      gibility of district for
>      school aid under S. B.
>      167, 49th Legislature.

Dear Sir:

We acknowledge your letter addressed to this department dated December 19, 1946, wherein your request for an opinion is set out as follows:

"A school district which has a 60¢ local maintenance tax, and on the basis of this maintenance tax qualifies for rural aid, has been collecting an additional 30¢ tax for the liquidation of their bonds. Due to increased values within the district, and the retirement of bonds, the bond tax has been reduced by the Commissioners Court to 25¢.

"Since the district continues to maintain its original maintenance tax of 60¢, can this district qualify for rural aid, although the bond tax has been reduced 5¢?

"I am submitting this question in view of the third to the last paragraph contained in Opinion No. 0-7403 issued by your Department."

Your specific inquiry is whether a school district which continues its original maintenance tax of sixty (60¢) cents, but which has reduced its bond tax five (5¢) cents within the two years immediately preceding the year for which State aid is applied for, may qualify for school aid under S. B. 167, 49th Legislature, Article I, Section 2.

Acts 1945, 49th Legislature, Regular Session, Ch. 361, S. B. 167, Article I, Section 2, is the legislation

covering tax levy matters concerning school districts
who make application for school aid from the State.
School districts seeking State aid under S. B. 167
must conform to the provisions in Section 2, Article
I, among others, to establish their eligibility under
the Act.   Section 2, Article I, reads, in part, as
follows:

"No school district shall be eligible
to receive any type of aid authorized under
the provisions of this Act unless it shall
be providing for the annual support of its
schools by voting, levying, and collecting
for the current school year a local main-
tenance school tax of not less than Fifty
Cents (50¢) on the One Hundred Dollars
($100.00) of property valuation in the en-
tire district.  The property valuations
shall not be less than said property is
valued for state and county purposes.  The
income from such a maintenance tax in ex-
cess of the required Fifty Cents (50¢)
maintenance tax must first be used to re-
tire indebtedness, if any, in the local
and Equalization (Rural Aid) school funds.
After the indebtedness in these funds, if
any, has been retired, the income from this
maintenance tax in excess of the required
Fifty Cents (50¢) maintenance tax may be
used at the discretion of the local school
authorities of the district for any lawful
school purpose except increasing or sup-
plementing any teacher's or administrative
salaries.  Any or all maintenance tax above
Fifty Cents (50¢) may not be included in the
calculation of need for aid, but shall be
reported in the budget with an itemized
statement of its expenditure.  If the income
from the maintenance tax above Fifty Cents
(50¢) is not spent as prescribed herein,
it shall be included as receipts in the budget.
In order to comply with the terms of this
section, it shall be necessary for such
school districts applying for any type of
aid authorized under the terms of this Act,
to report all valuations within such dis-
tricts, including all consolidated districts
and annexed districts, and failure to report
all such valuations shall prevent such dis-
trict from receiving any type of aid au-

thorized under this Act."

"No school district will be eligible
for aid under the provisions of this Act
which has reduced its tax rate within the
two years immediately preceding the year
for which aid is applied for hereunder or
which has reduced its tax valuation in or-
der to show budgetary need." (Emphasis ours)

In Attorney General Opinion No. 0-6687, approved
September 28, 1945, where a school district levied a main-
tenance tax of fifty (50¢) cents and a bond tax of fifty
(50¢) cents, subsequently it paid off its bond issue  and
had no occasion to levy further the fifty (50¢) cent bond
tax, this Department held, and properly so, that if before
the bond tax levy of fifty (50¢) cents, only fifty (50¢)
cents for maintenance tax was levied, then the district
need not levy over fifty (50¢) cents for maintenance tax
purposes and would not by the reduction of its entire bond
tax become disqualified thereby to receive school aid under
the provisions of Section 2, Article I, S.B. 167.  Further-
more, this Opinion No. 0-6687 cited with approval Attorney
General Opinion No. 0-6768 wherein a school district had a
seventy-five (75¢) cent maintenance tax and was transferring
its scholastics to another district which levied a fifty
(50¢) cent maintenance tax, and desiring to equalize the
tax rate, requested to know whether if they reduced their
maintenance tax to fifty (50¢) cents for equalization pur-
poses were they entitled to State aid under S. B. 167.  This
Department in Opinion No. 0-6768 held that the provisions of
Section 2, Article I, S. B. 167, were clear and unambiguous
and that if the district reduced its maintenance tax as con-
templated from seventy-five (75¢) cents to fifty (50¢) cents,
the district would be ineligible for any type of aid under
S. B. 167 for the next two scholastic years, and stated fur-
ther, that the opinion applies to only local maintenance tax
rates.

Subsequently, in Attorney General Opinion No. 0-
7403, approved September 26, 1946, where a school district
in 1945 levied a seventy-five (75¢) cent maintenance tax
and a twenty-five (25¢) cent bond tax; in 1946 it voted a
Fifty-five Thousand ($55,000.00) Dollar bond issue neces-
sitating the raising of its bond tax from twenty-five (25¢)
cents to fifty (50¢) cents, and the district requested to
know whether a raising of its bond tax to fifty (50¢) cents
and a reduction of its maintenance tax to fifty (50¢) cents
so that the over-all school tax would remain at One ($1.00)
Dollar, whether these contemplated acts would disqualify it

for school aid under provisions of Section 2 of Article
I, S. B. 167. This Department held therein that since
neither the over-all tax rate, under the plan contemplated,
nor the tax valuation would be reduced, the prohibition
in the second paragraph of Section 2, Article I, S. B.
167, is not applicable and the district would be qualified
to receive school aid under S. B. 167, other provisions
of the Act having been met.

It is immediately apparent that the holdings
of this Department in its Opinion No. O-7403 is in direct
conflict with the holdings in its former Opinions Nos. O-
6687 and O-6768, and that Attorney General Opinion No. O-
7246, approved October 4, 1946, to the extent that it fol-
lows and cites Opinion No. O-7403 in answering the second
question submitted in Opinion No. O-7246, is in conflict
with former Opinions Nos. O-6687 and O-6768.

In recent limited conference called for the
purpose of a reconsideration of former Opinions Nos. O-
6687 (its first submitted question answered therein),
Opinion No. O-6768, Opinion No. O-7403 and Opinion No. O-
7246, this Department decided that former Opinions Nos.
O-6687 (in which the first question and answer only are
considered), Opinion Nos. O-6768, and the answer of this
Department to the first submitted question in Opinion No.
O-7246 properly interpret and construe Section 2, Article
I, S. B. 167, in the light of the facts submitted apper-
taining thereto, and to that extent, same are re-adopted
as the opinions of this Department; but that Opinion No.
O-7403 being in direct conflict therewith incorrectly con-
strues said Section 2 and same is accordingly withdrawn
and overruled herein; that the holding of this Department
in answer to the first submitted question in Opinion No.
O-7246 under its fact situation is correct, but that this
Department's answer therein to the second submitted ques-
tion is clearly erroneous in that it construes inaccurately
Section 2, Article I, S. B. 167. Opinion No. O-7246 is
therefore modified herein to the extent above set out, and
as modified conforms to our holdings in Opinion Nos. O-
6687 and O-6768.

Under the facts submitted in your immediate
opinion request, the school district will continue to levy
a maintenance tax of sixty (60¢) cents. Said maintenance
tax has not been reduced within the two years immediately
preceding the year for which school aid is applied for un-
der S. B. 167, and we assume, said district has not reduced

its tax valuation in order to show budgetary need.  Thus, the district conforms to the provisions of Section 2, Article I, S. B. 167, which requires, among others, that the district in order to be eligible for school aid must levy and collect for the current school year a local maintenance tax of not less than fifty (50¢) cents on the One Hundred ($100.00) Dollar valuation of property valuation in the entire district.  It is our considered opinion that said district, under the facts submitted, is not prohibited from receiving aid under the Act by reason of having reduced its bond tax rate within the two year period preceding the year for which it makes application for aid.

We believe that the words "tax rate" as used in the second paragraph of Section 2, Article I, S. B. 167 mean and should be construed to mean "maintenance tax rate"; that this second paragraph should be construed together with all the other provisions of said Section 2 wherein the words "maintenance tax" is used no less than five times and wherein no mention or employment therein, or in any other part of the entire Act, is made of the word "bond tax."  In all other Acts dealing with school maintenance tax and bond tax matters, the Legislature has carefully distinguished between "maintenance tax" and "bond tax" when enacting laws appertaining thereto; (See Opinion No. O-6637 citing some of these laws.) and we can find no authority in the Act or any rule of statutory construction for construing "tax rate" as used in the second paragraph of Section 2 as meaning an over-all tax rate.

For the further reasons set out in former Opinions Nos. O-6687 and O-6768 and based on the statutes cited therein, it is the opinion of this Department that the school district in question, under the facts set out and conforming to other provisions of S. B. 167, may qualify for school aid even though its bond tax has been reduced by five (5¢) cents within the two years preceding the year for which aid is applied for under S. B. 167, its maintenance tax not having been reduced within the two year period.

## SUMMARY

Under Section 2, Article I, S. B. 167 49th Legislature, a school district which reduces its bond tax within the two years preceding the year for which aid is applied for under S. B. 167, its maintenance tax

not having been reduced within the two year period, is qualified for aid under S. B. 167, other provisions thereof having been met.

This opinion re-adopts former Opinions Nos. 0-6687 and 0-6768; disapproves and withdraws former Opinion No. 0-7403; modifies in Part former Opinion No. 0-7246.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

APPROVED JAN. 18, 1947

*Price Daniel*

ATTORNEY GENERAL

THIS OPINION CONSIDERED
AND APPROVED IN LIMITED
CONFERENCE

This opinion overrules
Opinion No. 0-7403

This opinion modifies
Opinion No. 0-7246

CEO:djm:mmc*:jrb